

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~JOHNXXXXXXXXXXXXXXXXXXXX~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. W. M. Tucker
County Attorney
Collingsworth County
Wellington, Texas

Dear Sir:

Opinion No. O-1803
Re: Would the sheriff and constable be entitled to mileage under the following statement of facts?

Your request for an opinion on the above stated question has been received by this department. We quote from your statement of facts as follows:

### "BRIEF AND STATEMENT OF FACTS

"A complaint was filed in my office, as County Attorney of Collingsworth County, charging a resident citizen of Amarillo in Potter County, Texas, with swindling by endorsing and cashing a check in Collingsworth County, after he knew that payment on the check had been stopped. The charge was a misdemeanor charge. A warrant was issued in Wellington, Collingsworth County, Texas for defendant's arrest and the sheriff and constable of this county each made a trip to Amarillo in Potter County, Texas for the purpose of making the arrest. But neither of the officers was able to effect the arrest, as the defendant was either out of town or secluding himself.

"The warrant was then left with the Justice of the Peace at Amarillo in Potter County, Texas, and the record shows that the defendant was arrested by the sheriff of Potter County, Texas, and taken before a Justice of the Peace in Amarillo, Texas, whereupon he gave bond for his appearance to answer the charge against him in the County Court of Collingsworth County, Texas.

"The sheriff and the constable, each filed claims for mileage for each said trip, in the total amount of $52.50. Now, the defendant claims that the said sheriff and constable of Wellington in Collingsworth County, Texas are not entitled to any mileage; whereas, the Collingsworth County officers are naturally claiming that they are each legally entitled to this mileage. The defendant makes no objection to the fees of the Potter County sheriff.

### QUESTION:

"Please let me have your opinion as to whether this mileage is correct,

the nearest practical route from Wellington to Amarillo is approximately 100 miles."

As we understand your request, it is whether or not a sheriff or constable is entitled to mileage for unsuccessful trips made in search of a person charged with a misdemeanor when such person is finally arrested.

Hon. H. Grady Chandler, Assistant Attorney General, answered this question in the negative in a letter opinion addressed to W. G. Danier, under date of June 28, 1927. The facts in Mr. Chandler's opinion were very similar to the facts presented in your inquiry, except the person was charged with a felony instead of a misdemeanor offense.

Volume 35, Cyc., page 1592, states the general rule as follows:

"The general rule is that a sheriff has no right to mileage in attempting to serve process or make an arrest which isnot actually or lawfully served or made, and even though he ultimately serves the process or makes the arrest he cannot charge mileage for previous unsuccessful attempts."

57 C. J. 1112 states the rule as follows:

"The statutes sometimes allow a sheriff compensation for endeavoring to serve process although he is una le to find and serve the party; but in the absence of an applicable provision to this effect, the sheriff is entitled to no fees for unsuccessful attempts to serve process." See Wagenr vs. Ramsey County, 70 NW 166.

There is no statutory provision in our statutes which authorizes the sheriff to collect a mileage fee for an unsuccessful attempt to serve rpocess or a warrant of arrest, and this department has repeatedly held that a sheriff or constable is not entitled to mileage fees for such unsuccessful attempts.

Article 234, Code of Criminal Procedure, provides that in felony cases where the defendant is arrested out of the crunty where the offense was committed, he shall be taken before a magistrate of the county where the offense is committed. While Article 235, Code of Criminal Procedure, provides that in misdemeanor cases where the defendant is arrested out of the county where the charge was filed, he shall be taken before a magistrate of the county where the arrest is made and that this magistrate shall take the bail and immediately transmit the bond to the court having jurisdiction of the offense.

If the defendant failsto give bond under the provisions of Article 235, Code of Criminal Procedure, then by Article 236, Code of Criminal Procedure, the defendant is committed to the jail in the county where he is arrested, and the sheriff of the county in which the charge is pending is not given the authority to transport the defendant back to the county where the charge is pending until he has received notice from the sheriff of the

county where the arrest is made that the defendant has filed to give bond and is confined in the jail of the county where the arrest was made. Article 238, Code of Criminal Procedure, provides that if the proper officer of the county where the offense is alleged to have been committed does not demand and take charge of the prisoner within thirty (30) days from the date he is committed, such prisoner shall be discharged from custody.

In the case of Buzan vs. State, 128 SW 388, the facts are that a resident of Hood County, after having committed a misdemeanor in said county, went to Atascosa County. A warrant was sent to Atascosa County where the defendant was arrested and placed in jail. The defendant asked to be allowed to give bond but this was refused by the sheriff of Atascosa County on the ground that he had already telegraphed the sheriff of Hood County to come after the defendant. The Hood County sheriff went after the defendant and returned him to Hood County where he was convicted. $92.50 was taxed as the fees of the Hood County sheriff in going after the defendant and returning him to Hood County. The Court of Criminal Appeals held that the sheriff was not entitled to his mileage charged. We quote from this case as follows:

"Again, we believe that, under the statutes, the defendant was entitled to a reasonable time in which to make bond, and, the proof of this case showing that he not only offered to make bond, but was willing to make bond, it would be an injustice to charge and tax the defendant up with the expense of the sheriff in going after him and bringing him to the county of Hood."

On October 7, 1937, in an opinion written by Hon. James N. Neff, Assistant Attorney General, addressed to Hon. C.W. Talbot, County Attorney, Bastrop, Texas, this department held that a sheriff was not entitled to mileage fees going to another county to return a defendant charged with a misdemeanor in his home county, if the defendant was not returned by reason of giving bail as provided in Article 235, Code of Criminal Procedure. Under the statement of facts submitted in your inquiry, the defendant gave bond for his appearance to answer the charge against him in the county court of Collingsworth County, Texas.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that neither the sheriff nor constable is entitled to any mileage fees for their unsuccessful attempts to serve process or make an arrest which was not actually or lawfully served or made.

Trusting that the foregoing fully answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant

APPROVED JAN 11, 1940
/s/ W.F. Moore
FIRST ASSISTANT ATTORNEY GENERAL

AW:AW:egw
APPROVED: Opinion Committee
By BWB Chairman